UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE FRANKLIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VICKI ASHWORTH, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-2138 KJM DB PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Plaintiff commenced this action on October 16, 2017, by filing a complaint and paying the required filing fee. (ECF No. 1.) Noticed for hearing before the undersigned on December 29, 2017, are defendants' motions to dismiss. (ECF Nos. 4 & 6.) However, on December 15, 2017, plaintiff filed a motion requesting leave to file an amended complaint. (ECF No. 12.) Defendants oppose plaintiff's request. (ECF Nos. 13 & 15.)

"Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the

1

1 | litigation; or (4) is futile." Id. The "court's discretion to deny leave to amend is particularly
2 | broad where the court has already given the plaintiff an opportunity to amend his complaint."
3 | Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th
4 | Cir. 1986).

Here, the undersigned cannot yet say that granting plaintiff further leave to amend will prejudice the opposing party; is sought in bad faith; will produce an undue delay in the litigation; or is futile. Therefore, and in light of plaintiff's pro se status, the undersigned will grant plaintiff's request for leave to file an amended complaint.

Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

////
////
////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 15, 2017 motion for leave to amend (ECF No. 12) is granted;

2. Plaintiff is granted twenty-eight days from the date of this order to file an amended complaint. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

3. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed; and

4. Defendants' motions to dismiss (ECF Nos. 4 & 6) are denied without prejudice to renewal and the December 29, 2017 hearing of those motions is vacated.

Dated: December 26, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/franklin2138.lta.grt.ord