UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE FRANKLIN,<br><br>    Plaintiff,<br><br>v.<br><br>VICKI ASHWORTH, et al.,<br><br>    Defendants. | No. 2:17-cv-2138 KJM DB PS<br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

This action came before the undersigned on March 23, 2018, for hearing of defendants' motions to dismiss.[1] Plaintiff Mike Franklin appeared in person on his own behalf. Attorney Kristin Blocher appeared in person on behalf of defendants Joshua Bisantz, John D'Agostini, Hans Uthe, and the County of El Dorado. Attorney Franklin Gumpert appeared telephonically on behalf of defendants Suzanne Kingsbury, Kenneth Melikian, Vicki Ashworth, and Jerald Lasarow. After hearing argument from the parties, defendants' motions were taken under submission.

## BACKGROUND

Plaintiff Mike Franklin, proceeding pro se, commenced this action on October 16, 2017, by filing a complaint and paying the required filing fee. (ECF No. 1.) On December 27, 2017,

---

[1] Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

plaintiff was granted leave to file an amended complaint. (ECF No. 16.) On January 23, 2018, plaintiff filed an amended complaint.[2] (ECF No. 21.) Therein, plaintiff alleges, essentially, that on October 16, 2015, he was stopped by defendant El Dorado County Sheriff's Department deputy Joshua Bisantz. (Am Compl. (ECF No. 21) at 7.[3]) Plaintiff "exercised his Fifth Amendment right against self-incrimination," and was taken to the "County of El Dorado Detention Center." (Id. at 8.) At the detention center, plaintiff received a "pat down," and his requests "to be taken in front of the 'on call' magistrate," "the attention of a physician," "access to the law library," "food, shower, and a bible," were denied. (Id. at 8-9.)

On January 25, 2018, defendants Suzanne Kingsbury, Kenneth Melikian, Vicki Ashworth, and Jerald Lasarow, moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules"). (ECF No. 23.) On January 30, 2018, defendants Joshua Bisantz, John D'Agostini, Hans Uthe, and the County of El Dorado moved to dismiss the amended complaint pursuant to Rule 12(b)(6) or, in the alternative, for a more definitive statement pursuant to Rule 12(e). (ECF No. 24.) After plaintiff failed to file a timely opposition, the undersigned issued an order to show cause providing plaintiff with a final opportunity to oppose defendants' motions. (ECF No. 29.)

Plaintiff filed an opposition on March 9, 2018. (ECF No. 31.) Defendants Suzanne Kingsbury, Kenneth Melikian, Vicki Ashworth, and Jerald Lasarow filed a reply on March 14, 2018. (ECF No. 37.) Defendants' motions were heard on March 23, 2018. (ECF No. 38.) On March 30, 2018, plaintiff filed a motion for further leave to amend. (ECF No. 40.) On April 13, 2018, defendants Joshua Bisantz, John D'Agostini, Hans Uthe, and the County of El Dorado filed an opposition to plaintiff's motion for further leave to amend. (ECF No. 42.)

////

---

[2] On January 16, 2018, plaintiff filed a motion for an extension of the time allowed for service. (ECF No. 20.) No defendant has come forward to challenge service of process as untimely. Accordingly, plaintiff's motion for an extension of time for service will be denied without prejudice to renewal.

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

STANDARDS

I. <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555; <u>see</u> also <u>Iqbal</u>, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

////

1    In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

III.   Legal Standards Applicable to Motions For a More Definite Statement Pursuant to Rule 12(e)

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1190-91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response.").

A court should deny a motion for a more definite statement "if the complaint is specific enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at 1191. A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). This liberal pleading standard is consistent with Federal Rule of Civil Procedure 8(a) which allows pleadings that simply contain a "short and plain statement of the claim." Id.

////

| | |
|---|---|
| 1 | ANALYSIS |
| 2 | I.    <u>Defendants' Motions to Dismiss</u> |

I. <u>Defendants' Motions to Dismiss</u>

Plaintiff's amended complaint should be dismissed for several reasons, as argued by defendants' motions to dismiss and discussed below.

    A.    <u>Rule 8</u>

The amended complaint is comprised almost entirely of vague and conclusory allegations. In this regard, the amended complaint asserts, in a single paragraph, that the defendants' unlawful conduct includes:

> A. Wrongful/false arrest
> B. Criminal Trespass
> C. Due Process
> D. Aggravated Kidnap
> E. Aggravated Assault
> F. Wrongful Detention
> G. Trespass
> H. Access to Law Library-5 times
> I. Physician Attention
> J. Life, Liberty, and Pursuit of Happiness

(Am. Compl. (ECF No. 21) at 9.) However, the amended complaint fails to allege any facts, or even elements of a claim, with respect to this allegation. In fact, the only factual allegations asserted in the amended complaint are that on October 16, 2015, defendant Bisantz "seized" plaintiff from the "roadside" and searched plaintiff's property after plaintiff was taken to the detention center. (<u>Id.</u> at 8.) No further factual allegations are asserted against defendant Bisantz or any defendant.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in

that support the plaintiff's claims. Jones, 733 F.2d at 649.

Moreover, the amended complaint goes on to assert completely separate causes of action against the defendants, which also lack supporting factual allegations. (Am. Compl. (ECF No. 21) at 10-15.) For example, the amended complaint purports to assert a cause of action under the "13th Amendment" for the "infliction of peonage and involuntary servitude." (Id. at 12.) However, the Thirteenth Amendment pertains to slavery and involuntary servitude. In this regard, "[m]ere detention without the imposition of labor is not 'involuntary servitude.'" Gawf v. County of San Benito, No. C12-00220 HRL, 2013 WL 1366031, at *6 (N.D. Cal. Mar. 31, 2013); see generally United States v. Reynolds, 235 U.S. 133, 149 (1914) ("[T]he state has authority to impose involuntary servitude as a punishment for crime. This fact is recognized in the 13th Amendment . . . ."); Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963) ("Where a person is duly tried, convicted, sentenced and imprisoned for crime in accordance with law, no issue of peonage or involuntary servitude arises . . . . The Thirteenth Amendment has no application . . . .").

The amended complaint also asserts, in a vague and conclusory manner, that "defendant County failed and/or neglected to properly train and supervise it's employees," and "maintains a pattern and practice of depriving liberty and property," causing the "damages sustained" by plaintiff. (Am. Compl. (ECF No. 21) at 10-11.) Again, no factual allegations are asserted in support of this claim or, indeed, any other claim.

"In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016). In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

In order to allege a viable Monell claim against the County of El Dorado, plaintiff "must demonstrate that an 'official policy, custom, or pattern' on the part of [the County] was 'the actionable cause of the claimed injury.'" Tsao v. Desert Palace, Inc., 698 F.3d 1128 (9th Cir.

2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)).  There are three ways a "policy" can be established.  See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249-50 (9th Cir. 2010).

"First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'"  Id. at 1249 (quoting Monell, 436 U.S. at 708 (Powell, J. concurring)).  Second, plaintiff may allege that the local government is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to implement procedural safeguards to prevent constitutional violations" or fails to adequately train its employees.  Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)); see also Clouthier, 591 F.3d at 1249 (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)) (failure to train claim requires plaintiff show that "'the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.'"); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights.").  "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'"  Clouthier, 591 F.3d at 1250 (quoting Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'"  AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)).  At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm,

and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

B. Heck Bar

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a plaintiff may not prevail on § 1983 claim if doing so "would necessarily imply the invalidity" of plaintiff's conviction arising out of the same underlying facts as those at issue in the civil action "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Thus, "Heck says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence . . . .'" Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Smithart, 79 F.3d at 951). It is the defendant's burden to show that a plaintiff's claim is barred by Heck. See Sanford v. Motts, 258 F.3d 1117, 1119 (9th Cir. 2001).

Here, defendants Joshua Bisantz, John D'Agostini, Hans Uthe, and the County of El Dorado, seek judicial notice of the minutes from plaintiff's state criminal trial on the charge of violating California Vehicle Code § 12500, driving without a license.[4] (Defs.' RJN A (ECF No. 24-2) at 5-7.) Those minutes reflect that plaintiff was found guilty of that offense. (Id. at 6.) In this regard, the amended complaint's claims of false arrest and wrongful detention would be Heck barred, assuming plaintiff was arrested and detained for violating California Vehicle Code §

---

[4] This court may take judicial notice of the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

12500.[5] See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (holding that Heck barred false arrest and false imprisonment claims until conviction was invalidated); Smithart, 79 F.3d at 952 ("There is no question that Heck bars Smithart's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him. Smithart may challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus.").

    C.    Judicial Immunity

The amended complaint seeks damages from defendants Suzanne Kingsbury, Kenneth Melikian, Vicki Ashworth, and Jerald Lasarow. (Am. Compl. (ECF No. 21) at 16.) These defendants, however, are judges who were carrying out their judicial duties. (Id. at 3, 6.) "It is well established that state judges are entitled to absolute immunity for their judicial acts." Swift v. California, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing Pierson v. Ray, 386 U.S. 547, 553-54 (1967)).

A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)). A judge will not be deprived of immunity because the action she took "was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. at 356. Moreover, a judge's jurisdiction is quite broad. "[T]he factors determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Partington v. Gedan, 961 F.2d 852, 866 (9th Cir. 1992) (quoting Stump v. Sparkman, 435 U.S. at 362); see also Mireles v. Waco, 502 U.S. 9, 13 (1991) (in determining whether judicial immunity applies, court looks to the "particular act's relation to a general function normally performed by a judge"); Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999).

////

---

[5] Defendants assert that plaintiff "was later convicted of the offense for which he was pulled over," and plaintiff has not challenged defendants' assertion. (Defs.' MTD (ECF No. 24-1) at 8.)

1    Here, the amended complaint fails to allege any factual allegations that would support the

2    conclusion that any of the defendant judges were acting in the absence of jurisdiction.

3    Accordingly, defendants Suzanne Kingsbury, Kenneth Melikian, Vicki Ashworth, and Jerald

4    Lasarow should be dismissed from this action. See Patel v. DeCarolis, 701 Fed. Appx. 590, 591

5    (9th Cir. 2017) ("The district court properly dismissed Patel's damages claims against Judge

6    Pacheco on the basis of judicial immunity because the claims arose out of Judge Pacheco's

7    judicial acts.").

   D. Prosecutorial Immunity

The amended complaint also identifies defendant Hans Uthe as "Deputy District Attorney, El Dorado County." (Am. Compl. (ECF No. 21) at 6.) "Absolute immunity is generally [also] accorded to . . . prosecutors functioning in their official capacities." Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004). In this regard, "[a] state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities 'intimately associated with the judicial phase of the criminal process.'" Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).

The amended complaint alleges that defendant Hans Uthe was "acting within the scope of" the defendant's "duties as an employee of defendant County" when plaintiff's rights were allegedly violated. (Am. Compl. (ECF No. 21) at 11.) Accordingly, defendant Hans Uthe should also be dismissed from this action.

II. Leave to Amend

For the reasons stated above, defendants' motions to dismiss should be granted and plaintiff's amended complaint dismiss. The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have

to allow futile amendments).

Defendants Suzanne Kingsbury, Kenneth Melikian, Vicki Ashworth, Jerald Lasarow, and Hans Uthe should be dismissed from this action due to judicial and prosecutorial immunity. Morever, after defendants moved to dismiss plaintiff's original complaint, plaintiff was granted leave to amend. (ECF Nos. 4, 6, & 16.) Plaintiff's amended complaint, nonetheless, contains essentially the same defects found in the original complaint. And plaintiff's opposition to defendants' motions to dismiss fails to address defendants' arguments. Instead, plaintiff's opposition argues that the arguments of defendants' attorneys constitute hearsay, an argument plaintiff repeated at the March 23, 2018 hearing.

In this regard, in light of the deficiencies noted above, and having reviewed plaintiff's amended complaint, opposition, motion for further leave to amend, and argument presented at the March 23, 2018 hearing, the undersigned finds that it would be futile to grant plaintiff further leave to amend. Accordingly, the undersigned will recommend that plaintiff not be granted further leave to amend.[6]

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's January 16, 2018 motion for an extension of time for service (ECF No. 20) is denied without prejudice.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendants Suzanne Kingsbury, Kenneth Melikian, Vicki Ashworth, and Jerald Lasarow's January 25, 2018 motion to dismiss the amended complaint (ECF No. 23) be granted;

2. Defendants Joshua Bisantz, John D'Agostini, County of El Dorado, and Hans Uthe's January 30, 2018 motion to dismiss the amended complaint (ECF No. 24) be granted;

3. The January 21, 2018 amended complaint (ECF No. 21) be dismissed without leave to amend;

---

[6] Plaintiff's March 30, 2018, motion for further leave to amend fails to comply with Local Rule 137(c), which required plaintiff to include a proposed second amended complaint along with the motion for further leave to amend. Moreover, above the undersigned has recommended that plaintiff should not be granted further leave to amend. Accordingly, the undersigned will recommend that plaintiff's March 30, 2018 motion for further leave to amend be denied.

11

4. Plaintiff's March 30, 2018 motion for further leave to amend (ECF No. 40) be denied; and

5. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 6, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/franklin2138.mtd.f&rs